IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Phillip Douglas Jacobs, | : | |
| Plaintiff | : | Civil Action 2:09-cv-00282 |
| v. | : | Judge Marbley |
| Terry J. Collins, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Jacobs, a prisoner incarcerated at the Marion Correctional Institution, brings this action under 42 U.S.C. § 1983 alleging that defendants have interfered with his legal mail. This matter is before the Magistrate Judge on defendants' June 18, 2009 motion to vacate the April 17, 2009 order granting plaintiff's application to proceed *in forma pauperis*. (Doc. 8.) Finding that plaintiff has previously filed at least three lawsuits that were dismissed as frivolous or for failing to state a claim ant that he has failed to demonstrate that he is "under danger of serious physical harm" within the meaning of 28 U.S.C. §1915(g), the April 17, 2009 Order is VACATED and I RECOMMEND that plaintiff Jacobs's application to proceed *in forma pauperis* be DENIED.

Jacobs falsely stated on his April 2, 2009 declaration under penalty of perjury supporting his application to proceed *in forma pauperis* that he had not "on three or more prior occasions, while incarcerated or detained in any prison, jailor other facility, brought an action in a court of the United States that was dismissed on the grounds that

it was frivolous, malicious, or failed to state a claim upon which relief may be granted." In fact, Jaconbs has filed at least 27 cases in the federal courts of Ohio, *Jacobs v. R. Wilkinson*, Case Nos. 074269/074270 (N.D. Ohio 2007); *Jacobs v. R. Wilkinson*, Case No. 088-8818/074270 (6th Cir. 1998); *Jacobs v. Strickland, et al*, Case No. 08CV00713 (S.D. Ohio 2008); *Jacobs v. ODRC*, Case No. 208CV680 (S.D. Ohio 2008); *Jacobs v. G. Lane, et al*, Case No. 30207512 (N.D. Ohio 2003); *Jacobs v. Lee Fisher,* Case No. 954123 (S.D. Ohio 1995); *Jacobs v. W. Dallman*, Case No. 958316 (S.D. Ohio 1990); *Jacobs, et al. v. Wilkinson*, Case No. 973818/944048 (S.D. Ohio 1994); *Jacobs v. DRC*, Case No. 1860460 (S.D. Ohio 1986); *Jacobs v. W. Dallman*, Case No. C1890806 (S.D. Ohio 1990); *Jacobs and Jackie Marchall v. R. Wilkinson*, Case No. C190563/963375 (S.D. Ohio 1990); *Jacobs v. Gwinner*, Case No. C194080 (N.D. Ohio 1994); *Jacobs v. R. Wilkinson*, Case No. C1961133 (S.D. Ohio 1997); *Jacobs aka Taymullah Ya'Qub, et al. v. R. Wilkinson*, Case No. C196307 (S.D. Ohio 1996); *Jacobs, Phillip Douglas v. Wilkinson*, Case No. C196308 (S.D. Ohio 1996); and at least three of these lawsuits were dismissed, at least in part, for failure to state a claim, *Jacobs v. Wilkinson*, No. 3:03cv7028 (N.D. Ohio, Order of 4/21/2003); *Jacobs v. Wilkinson*, No. 1:96cv1133 (S.D. Ohio, Order of August 19, 1998); and *Jacobs v. Hall*, No. 3:08cv1262 (N.D. Ohio, Order of 10/3/08). These cases each represent a strike under 28 U.S.C. §1915(g). *Pointer v. Wilkinson,*502 F.3d 369, 377 (6th Cir. 2007).

Plaintiff Jacobs argues that 28 U.S.C. § 1915(g) violates the Separation-of-Powers Doctrine, but Congress has the power to conserve scarce public resources by limiting the rights of litigants who have previously filed frivolous lawsuits to obtain leave to

proceed *in forma pauperis*. Section 1915(g) has been held to be constitutional by the Sixth Circuit Court of Appeals. *Wilson v. Yaklich,* 148 F.3d 596, 603-606 (6th Cir. 1998).

Plaintiff does not allege that any of the named defendants have engaged in conduct that has subjected him to the imminent danger of serious physical injury. Under the provisions of 28 U.S.C. § 1915(g) a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," cannot proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." The prisoner must be "under imminent danger of serious physical harm" at the time the complaint is filed, not at the time of the actionable events. *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 116 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

Accordingly, the Magistrate Judge RECOMMENDS that plaintiff Phillip Douglas Jacobs's application to proceed *in forma pauperis* is DENIED under 28 U.S.C. §1915(g). Plaintiff Jacobs is ORDERED to pay the Court's $350 filing fee **within thirty (30) days of the date of this Order**. See, *In re Jacta Est Alea,* 286 F.3d 378, 381 (6th Cir. 2002).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in

3

question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge